STARKE and others vs. CRILLEY.

*December 11, 1883 — January 8, 1884.*

*(1) Contract of hire: bad work: recoupment. (2) Reversal of judgment: immaterial evidence.*

1. Where one hires a man or a machine by the day at a stipulated *per diem*, there being no agreement as to the time of employment and no warranty as to the amount or quality of work, and the employer is present and sees the quality of the work being done, he must pay the stipulated wages so long as he voluntarily continues the employment. He cannot set up the plea of bad work, or recoup for damages on that ground.
2. A judgment will not be reversed for the admission of immaterial evidence, which could not have prejudiced the appellant.

APPEAL from the County Court of *Milwaukee* County.

Action to recover for the use of a steam pump at the rate of $50 per day, and for services rendered and fuel furnished in the operation thereof. The facts are sufficiently stated in the opinion. There was a verdict for the plaintiffs, and from the judgment entered thereon the defendant appealed.

The cause was submitted for the appellant on the brief of *Jenkins, Winkler & Smith.*

For the respondents there was a brief by *M. C. & A. A. Krause,* attorneys, and *Johnson, Rietbrock & Halsey,* of counsel, and oral argument by *Mr. Johnson.*

COLE, C. J. In this case it appears that the defendant was engaged in constructing a sewer in Milwaukee under a contract with the city, and required a pump to drain the ditch. He hired a steam-pump of the plaintiffs for that purpose. The parties disagree as to the terms of the verbal contract which was made for the use of the pump. The plaintiffs claim they were to receive at the rate of $50 per day for the use of the same, and were also to be paid the wages of the men employed in operating it, and for the fuel used in run-

ning it. The defendant claims that he was only to pay $50 per day for the use of the pump, and that this was to cover the wages of the men, and the fuel which the plaintiffs might furnish for operating it. Evidence was given to prove these respective claims. The jury did not allow the plaintiffs anything for the wages of the men, or for fuel used in running the pump, but gave them at the rate of $50 per day for the time which the pump was used by the defendant. The defendant claimed that the pump was defective and did not work well, or keep down the water in the ditch as it ought to have done; that it was not properly operated, and that in consequence he was delayed in the construction of the sewer, sustaining damages, which he sought to recoup in the action. There was considerable evidence given in support of and to disprove the latter claim.

The principal questions we have to consider arise upon the charge of the trial court. A number of exceptions were taken to different parts of the charge, but they will not be noticed in detail. The learned county court charged the jury that the contract was for the use of the pump by the day, no time being specified for its employment. No fault is found with this charge, as it is in accord with the testimony given on both sides. The court then proceeded to give some instructions, which were excepted to, and upon which error is predicated here. As there is some repetition in the instructions, we shall not copy them. We think they are fairly comprised in the proposition stated in the brief of plaintiffs' counsel. That proposition is this: Where there is no warranty to perform any particular amount of work in a prescribed time or manner, but a party hires a man or a machine by the day, at a stipulated *per diem*, no time of employment being agreed upon, and the employer is present and sees for himself the quality of the work performed, he must pay the stipulated wages so long as he voluntarily continues the employment; and he cannot defend against a

claim for wages so earned upon the plea of bad work, nor can he recoup for damages on that ground.

This proposition substantially embraces the charge to which the chief objection is taken. If it is a correct statement of the law which was applicable to the case, it effectually disposes of the counterclaim that the pump was imperfect, frequently broke down, and delayed the defendant in the performance of his contract with the city. It seems to us the proposition is substantially correct. It is true, evidence was given on the part of the defendant that the men operating the pump did not perform their work in a workmanlike manner, and the learned counsel for the defendant criticises the charge because the court stated that these men stood in the same relation to the defendant that any of his other employees did whom he hired by the day. It is said that this was incorrect, because, confessedly, these men were in the employ of the plaintiffs, who hired them, and who were responsible for their wages. But, obviously, what the learned county judge meant by this remark, and what he did say, in another part of the charge, was that the defendant had the right, at any time when dissatisfied with the way the work was being performed, to put an end to the employment by discharging the pump and the men furnished to operate it. That the defendant had that right under the contract cannot be successfully denied. The means of redress were in his own hands. He was on the ground, saw how the men and pump worked, and if they did not do good work, or the pump failed to drain the water from the sewer and delayed him more than he was willing to wait in consequence of getting out of repair, he could have said to the plaintiffs that he did not wish to have the pump any longer; for he had hired the pump for no specific time, and was under no obligation to keep it a day if either it or the men operating it did not work to his satisfaction. It is, doubtless, true that he was delayed in

the performance of his contract by the pump's breaking down, or by its failure to properly drain the sewer. But, nevertheless, he chose to wait until the pump could be repaired and put to work again. He did not request the plaintiffs to leave the job, nor did he say to them if they continued the work he should be unwilling to pay the full *per diem* agreed upon, or would hold them responsible for the damages caused by the delay. He doubtless deemed it for his advantage to continue to rent the pump, though it did break down occasionally and cause delay. Under the circumstances, then, we do not think he is in any position to claim a reduction for the use of the pump, or for damages, because of its insufficiency. The court charged that if the plaintiffs. warranted the capacity of the pump, or agreed with the defendant that the pump which they furnished would keep the sewer clear from water, that then they were bound to perform their contract, and were answerable for any damages the defendant had sustained on account of their failure to perform. These observations sufficiently dispose of the exceptions taken to the charge. We do not think it contained any error of which the defendant can complain.

The plaintiffs were permitted to prove, against the defendant's objection, the cost of the pump and engine. It is certainly true that this testimony was wholly immaterial. But its admission was harmless, as it could not have possibly prejudiced the defendant under the issues in the case.

Upon the whole record we think the judgment of the county court was correct and must be affirmed.

*By the Court.*— Judgment affirmed.